# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS, | CASE NO. 1:09-CV-01320-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO DEPOSE NON-DEFENDANTS BY WRITTEN QUESTION |
| v. | |
| G. ADAME, et al., | (DOC. 31) |
| Defendants. | |

Plaintiff Robert Earl Samuels ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants G. Adame, C. Farnsworth, P. Gentry, B. Medrano, R. Nicholas, F. Rivera, E. Sailer, and D. Snyder. Pending before the Court is Plaintiff's motion to take non-defendants' deposition by written question, filed June April 5, 2011. Doc. 31. Plaintiff requests that the Court grant Plaintiff leave to take five non-defendants' deposition by written question, pursuant to Rule 31(a)(2) of the Federal Rules of Civil Procedure.

Plaintiff's motion is denied. A party requires the Court's leave to take deposition by written question "if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 . . .; (ii) the deponent has already been deposed in the case; or (iii) the party seeks to take a deposition before the time specified in Rule 26(d)." It is unclear what Defendants' position is regarding stipulating to such deposition.

1

1  However, Plaintiff does not comply with proper procedure to depose non-defendants by written question. Pursuant to Rule 31(b), Plaintiff is required to deliver to the deposition officer a copy of the questions to be served and the notice. Fed. R. Civ. P. 31(b). There is no mention of a deposition officer. Plaintiff contends that he does not have the finances to directly contact these non-defendants. Even though Plaintiff is proceeding in forma pauperis, the Court has no authority to grant Plaintiff funds for conducting discovery. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (citations omitted).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave of the Court to take deposition by written question, filed April 5, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2011**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE

2