# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS, | CASE NO. 1:09-CV-01320-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DOC. 35) |
| v. | |
| G. ADAME, et al., | |
| Defendants. / | |

**I.    Background**

Plaintiff Robert Earl Samuels ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Adame, Farnsworth, Gentry, Medrano, Nicholas, Rivera, Sailer, and Snyder. Pending before the Court is Plaintiff's motion to compel, filed May 23, 2011. Doc. 35. Defendants filed their opposition on June 8, 2011. Doc. 36. The matter is submitted pursuant to Local Rule 230(l).

**II.   Motion To Compel**

    **A.    Production Of Documents**

In responding to discovery requests for production of documents, Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain

1

1 the document or has control over the entity who is in possession of the document. *Soto v. City of*
2 *Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*,
3 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal
4 citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

12 Such documents also include documents under the control of the party's attorney. *Meeks v.*
13 *Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)
14 (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,
15 212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his
16 attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.
17 1992).

> The California Code of Regulations defines access to a prisoner's case records:
>
> No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law. Any outside person or entity that receives case records files or unit health records is subject to all legal and departmental standards for the integrity and confidentiality of those documents.

23 Cal. Code Regs. tit. 15, § 3370(e). The Attorney General's office for the State of California
24 represents these Defendants, and thus can obtain these records pursuant to the Code of
25 Regulations. *See Bovarie v. Schwarzenegger*, 2011 WL 719206, *4 (S.D. Cal. Feb. 22, 2011);
26 *see also Woodall v. California*, 2010 W.L. 4316953, *5 (E.D. Cal. Oct. 22, 2010); *Ochotorena v.*
27 *Adams*, 2010 WL 1035774, * 3 (E.D. Cal. Mar. 19, 2010); *Moody v. Finander*, 2010 WL
28 3911462 (S.D. Cal. Oct. 1, 2010).

**B.     Analysis**

Plaintiff seeks to compel further response to Requests For Production Of Documents Nos. 1, 2, 3, 4, 5, 8, and 10.

Request No. 1:     "A copy of the letter plaintiffs cellmate (inmate Green K-29392) authored which caused defendants to come and escort plaintiff of his assigned housing/cell, on October 15, 2007, at C.C.I."

Response:     Defendants object to this request on the grounds that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendants do not have possession, custody, or control of documents responsive to this request.

Plaintiff contends that the request is relevant as what the letter said led to Defendants getting Plaintiff and using excessive force on him. Mot. Compel 2. Defendants contend that there is no evidence that Defendants were aware of the contents of the letter. Defs.' Opp'n 3:13-18. Plaintiff's amended complaint indicates that he was escorted to the sergeant's office on October 15, 2007 because of the letter. Am. Compl. ¶ 2, Doc. 15. Plaintiff contends that the letter will determine to what extent it is relevant, such as whether it mentions Plaintiff in any way. Mot. Compel 2. The letter is reasonably calculated to lead to the discovery of admissible evidence. The contents of the letter may provide information as to the cause of the alleged excessive force.

Defendants additionally contend that Defendants as correctional officers and a nurse do not have access to this document. Opp'n 3:19-28. However, that argument is unavailing, as documents that are obtainable by Defendants' counsel because of their representation of CDCR Defendants are within Defendants' custody, possession, or control. *Bovarie*, 2011 WL 719206, *4.

Defendants finally contend that they inquired with the litigation office at California Correctional Institution ("CCI") regarding documents sought in this request, and none were provided. Opp'n 3:19-28. Defendants have not demonstrated that they actually engaged in a reasonable, good faith attempt to produce this letter. Defendants' objections are an insufficient

response. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 1 is granted.

Request No. 2:     Any documents that list the active ingredients in the MK fogger/pepperspray, their effects, and duration the effects. As well as the amount each canister contains.

Response:     Defendants object to this request on the grounds that it is compound, vague and ambiguous as to "MK fogger/pepperspray," and "their effects," and seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants do not have possession, custody, or control of documents responsive to this request.

Plaintiff contends that the request is not compound or vague as it asks specifically about one subject: the MK/fogger/pepper spray used by Defendants. Mot. Compel 2. Plaintiff contends that there is no ambiguity, as multiple derivations of "MK fogger" are used by staff. *Id.* Plaintiff contends that it is relevant because multiple canisters were emptied on Plaintiff and the documents would demonstrate malicious and sadistic intent. *Id.*

Defendants contend it is undisputed pepper spray burns, and that some Defendants did use pepper spray on Plaintiff. Opp'n 4:2-22. Defendants contend that Plaintiff fails to explain how the ingredients of pepper spray are relevant. *Id.* The Court agrees with Defendants that Plaintiff has not explained how the ingredients of pepper spray are relevant to this action. However, Defendants do not address Plaintiff's requests regarding the effects and duration of the effects of pepper spray, or the amount in each canister. Though Plaintiff does not explain what he means by "their effects," it is reasonable to infer that Plaintiff refers to the effects of pepper spray on individuals sprayed with it. Plaintiff's request is not so vague and ambiguous that Defendants are unable to respond. Plaintiff's claim is one for excessive force, and the use and type of force is relevant to the claim.

Defendants also contend that Defendants do not have a legal right to this information, and that no responsive documents were provided by the litigation office at CCI. Opp'n 4:2-22. As

1 stated previously, these arguments are unpersuasive.

2 Accordingly, Plaintiff's motion to compel further response to Request For Production
3 No. 2 is granted, with regards to the effects of pepper spray on individuals, the duration of the
4 effects, and the amount each canister contains.

5 Request No. 3:   Any documents that describe or show the size, shape and materials used to
6                  make the holding cages in Medical Clinic at C.C.I.
7 Response:        Defendants object to this request on the ground that it is compound, vague
8                  and ambiguous as to "Medical Clinic," asks for information, which, if
9                  distributed to inmates, could adversely affect the safety and security of the
10                 prison, and seeks irrelevant information not calculated to lead to the
11                 discovery of admissible evidence.  Without waiving these objections,
12                 Defendants do not have possession, custody, or control of documents
13                 responsive to this request.

14 Plaintiff contends that there is no ambiguity as to the term medical clinic, since there is
15 only one in CCI. Mot. Compel 2. Plaintiff contends that there is no security risk, because other
16 inmates are already aware of Plaintiff's requests. *Id.* Plaintiff contends that a description or
17 depiction of these cages will support his claim of deliberate indifference for failing to treat
18 Plaintiff after he was pepper sprayed by demonstrating the conditions in which Defendants
19 allegedly examined Plaintiff. *Id.*

20 Defendants contend that inmates are not entitled to documents providing specifications
21 and materials of bars. Opp'n 4:24-5:13. Defendants further contend that Plaintiff's complaint
22 alleges that Defendant Farnsworth refused to examine Plaintiff, thus, the holding cell's materials
23 are not relevant. *Id.* The Court agrees that this discovery request is not reasonably calculated to
24 lead to the discovery of admissible evidence. The material composition of the holding cage
25 would not assist a trier of fact in determining whether or not Defendant Farnsworth or any
26 Defendant was deliberately indifferent in failing to treat Plaintiff. Accordingly, Plaintiff's
27 motion to compel further response to Request For Production No. 3 is denied.

28

| | | |
|---|---|---|
| 1 | Request No. 4: | Any documents Internal Affairs has in regards to plaintiff's complaint of |
| 2 | | being assaulted by staff at C.C.I. |
| 3 | Response: | Defendants do not have possession, custody, or control of documents |
| 4 | | responsive to this request. |

Plaintiff disagrees with Defendants' response, contending that CDCR has possession and Defendants can obtain it. Mot. Compel 2. Defendants rely on their arguments that Defendants do not have a legal right to this information, and that no responsive documents were provided by the litigation office at CCI. Opp'n 5:15-28. Again, this argument is unavailing. Plaintiff's request is clearly reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents directly pertaining to the alleged force incident at question. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 3 is granted.

| | | |
|---|---|---|
| Request No. 5: | | Any documents that dipict the layout of all entrances and exits in building 3 at C.C.I. |
| Response: | | Defendants object to this request on the grounds that it asks for information, which, if distributed to inmates, could adversely affect the safety and security of the prison, and seeks irrelevant information not calculated to lead to the discovery of admissible evidence. For these reasons, Defendants will not produce documents responsive to this request. |

Plaintiff contends that there are security risks because this information is readily available to inmates in every building on multiple blueprints, showing all doors and exits in case of an emergency. Mot. Compel 3. Plaintiff contends that Defendants claim to have seen the events in the rotunda from places that Plaintiff believes are impossible to see. *Id.*

Defendants contend that Plaintiff did not ask for drawings, but any documents, which includes entrances and exits known by staff and not necessarily inmates. Opp'n 6:2-18. Defendants additionally contend that Plaintiff's argument concerning what Defendants could or could not have seen is vague and does not explain how documents showing building entrances and exits is relevant. *Id.* The Court agrees with Defendants' argument. Plaintiff's request does

6

not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's request seeks the layout of all entrances and exits for the purpose of disputing Defendants' alleged facts. Plaintiff fails to demonstrate what these facts are that he disputes, and how the requested documents would dispute them. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 5 is denied.

Request No. 8:    Any documents containing information on defendants, who were correctional officers at the time of incident plaintiff raises in this suit, relating to use of force against inmates or any other action inmates complained of by 602 (grievance/appeal), or/and staff complaints, which may or may not have led to legal action or disciplinary action being taken.

Response:    Defendants object to this request on the grounds that it is overbroad, compound, and seeks irrelevant information not calculated to lead to the discovery of admissible evidence. To the extent that Plaintiff seeks inmate appeals filed by other inmates, Defendants that these documents may contain confidential and private information about those inmates' medical condition, custody classification, conviction offenses, disciplinary actions, gang status, and other sensitive information. Disclosing such information to other inmates presents a serious risk of harm to the safety and security of the institution and violates the appeal inmates' rights to privacy and confidentiality. Defendants further object on the grounds that if inmates were aware their appeals could be circulated to other inmates, it would discourage them from filing certain types of appeals.

Plaintiff contends that the request is relevant because it could lead to potential witnesses or more evidence, including a pattern or history of similar behavior. Mot. Compel 3. Plaintiff contends any personal or sensitive information can be redacted. *Id.*

Defendants contend that Plaintiff's request is a fishing expedition for character evidence, which is generally inadmissible under Federal Rule of Evidence 404. Opp'n 6:20-7:19. Defendants contend that Plaintiff fails to explain how these documents will lead to admissible

7

evidence. *Id.* Defendants further contend that Plaintiff's requests are overbroad and burdensome, as it seeks not just prior bad acts by Defendants, but also all documents containing any complaint of alleged assault or battery by other inmates. *Id.*

The Court agrees with Defendants. Plaintiff's requests are overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff appears to seek these documents as character evidence only, which is generally inadmissible. *See* Fed. R. Evid. 404. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 8 is denied.

Request No. 10: Any documents relating to other lawsuits filed against any defendant in this matter.

Response: Defendants object to this request on the grounds that it overbroad, seeks irrelevant information not calculated to lead to the discovery of admissible evidence, and is requested only to harass Defendants.

Plaintiff contends the request is to possibly discover witnesses or show a history or pattern of behavior. Mot. Compel 3. Defendants contend that any past lawsuits have no relevance to this action, and amounts at most to a fishing expedition for character evidence. Opp'n 7:21-8:11. The Court agrees. The prior lawsuits appear to be only for the purpose of character evidence, which is generally inadmissible. Fed. R. Evid. 404. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 10 is denied.

### III. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

///

///

///

///

///

///

///

1. Plaintiff's motion to compel, filed May 23, 2011, is GRANTED as stated herein as to Requests For Production Of Documents Nos. 1, 2, and 4;
2. Defendants are to serve further response to Plaintiff within thirty (30) days from the date of service of this order; and
3. Plaintiff's motion to compel is DENIED as to Requests For Production of Documents Nos. 3, 5, 8, and 10.

IT IS SO ORDERED.

Dated:   **September 28, 2011**                         **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE