**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. ADAME, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-01320-AWI-DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER (ECF No. 45)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STATUS UPDATE AND NEW SCHEDULING ORDER (ECF No. 46)** |

Plaintiff Robert Earl Samuels ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants G. Adame, C. Farnsworth, P. Gentry, B Medrano, R. Nicholas, F. Rivera, E. Sailer, and D. Snyder. Pending before the Court is Defendants' motion to modify the Court's March 29, 2011 Scheduling Order, filed February 6, 2012. ECF No. 45. Also pending is Plaintiff's motion for status of the case and a new scheduling order, filed February 17, 2012. ECF No. 46. The matter is submitted pursuant to Local Rule 230(l). The Court will first address Defendants' motion.

**I.　Defendants' Motion to Modify Scheduling Order**

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Rule 16 of the Federal Rules of Civil

1

Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Defendant moves for a modification of the dispositive motion deadline to March 7, 2012. Defs.' Mot., Kubicek Decl. ¶ 3, ECF No. 45. Defendants' counsel attests that he will not be able to meet the dispositive motion deadline because he believed that a legal theory on behalf of all Defendants was not legally tenable without additional time to acquire signed declarations from each Defendant. *Id.*

Plaintiff filed an opposition on February 22, 2012. ECF No. 47. Plaintiff contends that Defendants' counsel's error is not good cause to modify the Court's scheduling order. The Court finds that Defendants have presented good cause. Defendants' counsel is correct to not submit legally untenable arguments before the Court. Plaintiff will not be substantially prejudiced. Additionally, on February 27, 2012, Defendants filed the rest of their motion for summary judgment. Only twenty-one additional days were required for Defendants to file their motion. Thus, Defendants' motion for modification will be granted and the motion for summary judgment is deemed timely filed.

## II.   Plaintiff's Motion for Status Update and New Scheduling Order

Plaintiff requests a status update of the case and a new scheduling order. ECF No. 46. Because the Court will grant Defendants' motion for modification of the schedule, Plaintiff's motion will be denied as moot.

## III.   Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to modify the Discovery and Scheduling Order, filed February 6, 2012, is granted and Defendants' motion for summary judgment, filed February 27, 2012, is deemed timely fied; and

1     2. Plaintiff's motion for status update and new scheduling order, filed February 17, 2012, is denied as moot.

    3.

IT IS SO ORDERED.

Dated: **July 31, 2012**   /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE