# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL SAMUELS, | CASE NO. 1:09-cv-01320-SAB PC |
| Plaintiff, | **ORDER REGARDING DEFENDANTS' MOTION IN LIMINE AND OBJECTIONS TO PRETRIAL ORDER** |
| v. | |
| G. ADAME, et al., | ECF Nos. 85, 86 |
| Defendants. | |

Plaintiff Robert Earl Samuels ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's first amended complaint, filed December 31, 2009, against Defendants G. Adame, P. Gentry, B. Medrano, R. Nicholas, F. Rivera, E. Sailer, and D. Snyder for excessive force, and against Defendant C. Farnsworth for deliberate indifference to a serious medical need in violation of the Eighth Amendment. This matter is set for jury trial on March 12, 2013 before the undersigned.

On March 4, 2013, a telephonic pretrial hearing was held. Plaintiff appeared representing himself in the matter. Defense counsel Diana Esquivel appeared on behalf of Defendants. The Court makes the following ruling with regard to Defendants' motion for limine filed February 11, 2013:

**I.    Offering Opinions About Medical Conditions**

Defendants object to Plaintiff offering any evidence concerning his current medical and mental-health conditions, or offering opinions or making inferences whether his current conditions were caused or are related to this incident.

**Ruling:** The Court tentatively grants Defendants' motion in limine. Medical opinions

require specialized knowledge of an expert. Fed. R. Evid. 701, 702. The Plaintiff may testify as to his medical conditions but shall not offer evidence, whether through exhibits or testimony, of others' opinions, diagnoses and prognoses related to Plaintiff's medical conditions.

## II. References to Claims and Defendants That Were Dismissed

Defendants object to Plaintiff introducing testimony or other evidence unrelated to the claims at issue in this action, or any claims that were previously dismissed.

**Ruling:** The Court tentatively grants Defendants' motion in limine. Evidence of unrelated or dismissed claims and Defendants are irrelevant to this proceeding. Fed. R. Evid. 401, 402, 403.

## III. Evidence that Defendants Are Parties In Other Lawsuits

Defendants object to the introduction of evidence or other testimony concerning allegations made against Defendants, including other complaints of excessive force.

Plaintiff seeks to introduce evidence regarding prior or pending lawsuits, namely against Defendants G. Adame and B. Medrano. The proposed evidence against G. Adame concerned his alleged fabrication of a report in another lawsuit. The proposed evidence against B. Medrano concerned Medrano's alleged use excessive of force in another lawsuit.

**Ruling:** The Court tentatively grants Defendants' motion in limine with respect to Defendant G. Adame. Such evidence is impermissible under Rule 404 of the Federal Rules of Evidence. The Court reserves ruling on this issue with respect to Defendant Medrano. However, with respect to Defendant Medrano, Plaintiff shall not seek to introduce such evidence without first obtaining a ruling from the Court outside the presence of the jury.

## IV. Evidence of Offer to Compromise

Defendants object to the introduction of any evidence regarding an offer of compromise. Plaintiff does not oppose.

**Ruling:** The Court grants Defendants' motion in limine. Fed. R. Evid. 408.

## V. Evidence That State May Pay Judgment

Defendants object to the introduction of any evidence that Defendants may be indemnified by the State if judgment should be entered against them.

**Ruling:** The Court grants Defendants' motion in limine.

### VI. Evidence Concerning "Code of Silence"

Defendants object to the introduction of any evidence concerning a "code of silence" or "official cover up" in this action.

**Ruling:** The Court grants Defendants' motion in limine.

### VII. Evidence of Felony Conviction

Defendants intend to introduce the length of Plaintiff's felony conviction. Defendants do not intend to introduce the specific nature of Plaintiff's conviction only a felony conviction and the length of sentence imposed.

**Ruling:** The Court grants Defendants' motion in limine should the Plaintiff testify.

### VIII. Objections to Pretrial Order

Defendants filed objections to the Court's Pretrial Order on February 11, 2013. Defendants request that Defendants Farnsworth and Snyder be excused from appearing until Tuesday afternoon or the next day of trial, and that Lieutenant Matzen be permitted to be called to testify at a later time and required to be present on the first day of trial.

**Ruling:** With regard to Defendants Farnsworth and Snyder, Defendants withdraw their request. However, for the reasons stated on the record, during the course of the trial, the Defendants may stand up and/or exit the courtroom when necessary. With regard to Lieutenant Matzen, Defendants are not required to have his presence on the first day of trial. However, the Court has advised the parties that no undue delay in trial proceedings will be permitted, and absent good cause, the testimony of a witness may be waived if the witness is not present to testify when called.

IT IS SO ORDERED.

Dated: **March 4, 2013**

UNITED STATES MAGISTRATE JUDGE